The prisoner was indicted for an assault and battery with intent to murder. He shot at a negro girl with a gun loaded with shot, and within shooting distance. None of the shot hit her. The prisoner, when arrested, said that he meant to cripple, but not to kill.
Gilpin, Attorney-general, contended, that as in murder malice would he implied from any act of violence carrying in itself the evidence of a depraved spirit; so in this offence the intent
might be made out by the act; and if the act be such as would make it murder in case of death, it will in itself be sufficient to establish the intent.
Houston, contra, for the prisoner.
The defendant is indicted for an assault on Alice James, with intent to commit murder; and the point is made and has been argued, whether the jury must be satisfied that the defendant had an actual intention to kill; or whether the law implies the intent in case of an act likely to produce death; as it would imply the malice from such an act, where death ensued.
The act of assembly provides, that if any negro or mulatto slave shall, with violence, make an assault upon another, with the intent to commit murder, he shall be guilty of a felony, c.
Under this act we are of the opinion that the intent must be proved as well as the assault; but as the intent is a matter that can only be proved by other facts, all such facts must be considered in proof of the intent; as the character of the assault — the weapon used — the danger of producing death, and the means used to produce or to avoid death.
Such has been the decision under a similar British statute. (Cruse's case, 8 Car. Pay. 541, 34 Eng. Com.Law Rep. 522.)